UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CHARLES FRANCIS GOODS,

Plaintiff,

v.

WASCO STATE PRISON,

Defendant.

Case No. 1:19-cv-01318-JLT (PC)

**ORDER TO SHOW CAUSE**

(Doc. 1.)

**FOURTEEN-DAY DEADLINE**

Plaintiff has filed complaint asserting constitutional claims against a governmental entity. (Doc. 1.) Generally, the Court is required to screen complaints brought by inmates seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

I.     **Pleading Standard**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

1

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Prisoners may bring § 1983 claims against individuals acting "under color of state law." See 42 U.S.C. § 1983, 28 U.S.C. § 1915(e) (2)(B)(ii). Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.    Discussion

Plaintiff's complaint is premised on his five-month period of incarceration at Wasco State Prison where he claims that the presence of black and green mold in the bathrooms and living quarters of the prison resulted in his lung cancer. He seeks $6,000,000 in damages. It appears that plaintiff has made an identical claim in an earlier-filed case, Goods v. Wasco State Prison, Case No. 1:19-cv-0661-AWI-SAB.

Duplicative lawsuits filed by a plaintiff proceeding in forma pauperis are subject to dismissal as either frivolous or malicious under 28 U.S.C. § 1915(e). See, e.g., Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); McWilliams v. State of Colo., 121 F.3d 573, 574 (10th Cir. 1997); Pittman v. Moore, 980 F.2d 994, 994-95 (5th Cir. 1993); Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988). An in forma pauperis complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under § 1915. Cato, 70 F.3d at 1105 n.2; Bailey, 846 F.2d at 1021. Repeating the same factual allegations asserted in an earlier case, even if now filed against new defendants, is subject to dismissal as duplicative. See, e.g., Bailey, 846 F.2d at 1021; Van Meter v. Morgan, 518 F.2d 366, 368 (8th Cir. 1975). "Dismissal of the duplicative lawsuit, more so than the

2

issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the comprehensive disposition of litigation." Adams v. California, 487 F.3d 684, 688, 692–94 (9th Cir. 2007).

**III.    Conclusion**

Based on the foregoing, the Court ORDERS plaintiff to show cause within fourteen days from the date of this order why this action should not be dismissed as duplicative of Goods v. Wasco State Prison, Case No. 1:19-cv-0661-AWI-SAB.

IT IS SO ORDERED.

Dated:    **September 25, 2019**                  **/s/ Jennifer L. Thurston**
                                                      UNITED STATES MAGISTRATE JUDGE